

FILED

OCT 2 9 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CITY OF AUSTIN, ACTING BY AND THROUGH ITS ELECTRIC UTILITY DEPARTMENT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CONVERGENT GROUP CORP. | § § | CIVIL ACTION NO. A-01-CA-202 JN |
| Defendant and Third-Party Plaintiff | § § | |
| v. | § § | |
| GINO DeMARCO | § § | |
| Third-Party Defendant | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE CHIEF UNITED STATES DISTRICT JUDGE:

Defendant Convergent Group Corp. ("Convergent") files this First Amended Answer to the

Complaint filed by the City of Austin, Acting by and through its Electric Utility Department ("Austin

Energy").

## ANSWER

1.    Convergent admits the allegations in paragraph 1.

2.    Convergent admits the first sentence in paragraph 2. With regard to the second

sentence of paragraph 2, Convergent admits that the lawsuit arises, at least in part, from

Convergent's business in the State of Texas. Convergent admits the third sentence of paragraph 2.

*41*

3.      Convergent admits the allegations in the first sentence of paragraph 3.  Convergent admits that Plaintiff's alleged damages are in excess of the Court's minimum jurisdictional amounts, but otherwise denies the allegations in the second sentence of paragraph 3.

4.      Convergent admits the allegations of paragraph 4.

5.      Convergent admits the allegations of paragraph 5.

6.      Convergent admits that it marketed and sold to Austin Energy the Solutions Workbench software, but otherwise denies the allegations in the first sentence of paragraph 6. Convergent denies that it made misrepresentations, is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Austin Energy's beliefs, and otherwise denies the allegations in the second sentence of paragraph 6.  Convergent denies the allegations in the third sentence of paragraph 6.  Convergent denies the allegations in the fourth sentence of paragraph 6.  Convergent admits that Austin Energy is now suing, but denies that Austin Energy is entitled to recover under its suit, and otherwise denies the allegations in the final sentence of paragraph 6.

7.      Convergent admits the allegations in the first sentence of paragraph 7.  Convergent denies that it began negotiations with Austin Energy in late 1999, but otherwise admits the allegations in the second sentence of paragraph 7.  Convergent admits that the parties entered into the agreements described in sub-paragraphs a, b and c of paragraph 7 and admits that there were negotiations among the parties regarding these agreements, but otherwise denies the allegations in the third sentence of paragraph 7.

8.      Convergent denies the allegations in the first sentence of paragraph 8.  Convergent

**DEFENDANT'S FIRST AMENDED ANSWER**                                    **PAGE 2**

admits that it assured Austin Energy that several utilities in the United States had invested in and were implementing certain components (or the equivalent thereof) of the solution Convergent referred to at the time as its Solutions Workbench, but otherwise denies the allegations in the second sentence of paragraph 8.  Convergent denies the allegations in the third sentence of paragraph 8. Convergent denies the allegations in the fourth sentence of paragraph 8.

      9.      Convergent denies the allegations in paragraph 9.

      10.      Convergent denies the allegations in the first sentence of paragraph 10. Convergent is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding management resources in the second sentence of paragraph 10.  Convergent otherwise denies the balance of the allegations in the second sentence of paragraph 10.  Convergent denies the allegations in the third sentence of paragraph 10.

      11.      Convergent denies the allegations in the first sentence of paragraph 11. Convergent admits that the project was delayed in meeting certain interim deadlines and that the projected delivery date changed over time, but otherwise denies the allegations in the second sentence of paragraph 11.  Convergent is unclear as to which projection Austin Energy refers in the third sentence of paragraph 11 and, therefore, denies the allegations in the third sentence of paragraph 11. Convergent admits that Austin Energy notified Convergent of purported material breaches and purported to terminate the agreements in January, 2001; Convergent admits that there were delays in the delivery of the GIS-related custom software; but, Convergent otherwise denies the allegations in the final sentence of paragraph 11.

      12.      Convergent denies the allegations in the first sentence of paragraph 12. Convergent

denies the allegations in the second sentence of paragraph 12. Convergent denies the allegations in the third sentence of paragraph 12. Convergent is unclear as to which delivery date Austin Energy refers in the fourth sentence of paragraph 12 and, therefore, denies the allegations in the fourth sentence of paragraph 12. Convergent admits that Austin Energy informed Convergent that it had received the software upgrade STORMS 3.2 in December, 2000, but otherwise denies the allegations in the final sentence of paragraph 12.

13.     Convergent admits that in late 2000 its was performing customization activities relating to the work design component of the project but otherwise denies the allegations in the first sentence of paragraph 13. Convergent admits that there were delays in meeting certain interim deadlines relating to the customization of the work design software, but otherwise denies the allegations in the second sentence of paragraph 13. Convergent admits that the parties had numerous meetings throughout the project regarding scheduling matters, but otherwise denies the allegations in the third sentence of paragraph 13. Convergent admits that the work design customizations were scheduled, at one point, to be delivered at the end of March, 2001, but otherwise denies the allegations in the fourth sentence of paragraph 13. Convergent admits that certain scheduled activities relating to the work design customization were delayed during the time period referenced, but otherwise denies the allegations in the fifth sentence of paragraph 13. Convergent denies the allegations in the final sentence of paragraph 13.

14.     Convergent admits that delivery of the work design customizations was delayed, but otherwise denies the allegations in the first sentence of paragraph 14. Convergent denies the allegations in the second sentence of paragraph 14.

**DEFENDANT'S FIRST AMENDED ANSWER**                                              **PAGE 4**

15.     Convergent denies the allegations in the first sentence of paragraph 15. Convergent admits that testing on the work design system was being performed in late summer and early fall of 2000, but otherwise denies the allegations in the second sentence of paragraph 15. Convergent denies the allegation in the third sentence of paragraph 15. Convergent denies the allegations in the final sentence of paragraph 15.

16.     Convergent denies the allegations in the first sentence of paragraph 16. Convergent denies the allegations in the second sentence of paragraph 16. Convergent denies the allegations in the third sentence of paragraph 16. Convergent denies the allegations in the fourth sentence of paragraph 16. Convergent denies the allegations in the fifth sentence of paragraph 16. Convergent admits that it submitted a quality assurance plan in the approximate time frame stated in the first sentence of the first bullet point of paragraph 16. Convergent admits that Austin Energy rejected the quality assurance plan, but otherwise denies the allegations in the second sentence of first bullet point of paragraph 16. Convergent denies the allegations in the third sentence of the first bullet point of paragraph 16. Convergent admits the allegations in the first sentence of the second bullet point of paragraph 16. Convergent admits the allegations in the second sentence of the second bullet point of paragraph 16. Convergent admits that it withdrew a draft plan, stating that it was not pertinent to the project or cost feasible, but otherwise denies the allegations in the third sentence of the second bullet point of paragraph 16. Convergent admits the allegations in the fourth sentence of the second bullet point of paragraph 16. Convergent admits the allegations and the approximate time frame in the first sentence of the third bullet point of paragraph 16. Convergent denies the allegations in the second sentence of the third bullet point of paragraph 16. Convergent admits that it agreed to revise

the plan but otherwise denies the allegations in the third sentence of the third bullet point of

paragraph 16. Convergent admits that CAR001 purported to require Convergent to produce a quality

assurance plan acceptable to Austin Energy, but otherwise denies the allegations in the fourth bullet

point in paragraph 16. Convergent denies the allegations in the sentence between bullet points in

paragraph 16. Convergent admits the allegations in the first sentence of the fifth bullet point in

paragraph 16. Convergent admits that test procedures and documentation were delivered in the

approximate time frame stated, but otherwise denies the allegations in the second sentence of the

fifth bullet point in paragraph 16. Convergent admits that Austin Energy performed the test

procedures in the approximate time frame stated and that the software did not perform perfectly in

accordance with the test procedures, but otherwise denies the allegations in the third sentence of the

fifth bullet point in paragraph 16. Convergent admits the software contained minor defects or issues,

some of which were known by some Convergent personnel and documented to be addressed by the

next scheduled release of the software and that Rob Sarfi of Convergent certified (in a document

bates stamped CGC003409) that the software contained no known defects, but Convergent otherwise

denies the allegations in the fourth sentence of the fifth bullet point in paragraph 16. Convergent

admits that Austin Energy issued DR001 but denies that DR001 contains statements regarding

payment of any invoices and otherwise denies the allegations in the final sentence of the fifth bullet

point in paragraph 16. Convergent denies the allegations in the first sentence of the sixth bullet point

in paragraph 16. Convergent admits that it submitted a CAP for DR001 that was accepted by Austin

Energy in mid-February and that Convergent obtained payment, but otherwise denies the allegations

in the second sentence of the sixth bullet point in paragraph 16. Convergent admits that part of the

CAP included the issuance of interim quality procedures, but otherwise denies the allegations in the

third sentence of the sixth bullet point in paragraph 16. Convergent is without knowledge or

information sufficient to form a belief as to the truth of the allegations in the final sentence of the

sixth bullet point in paragraph 16. Convergent admits that it re-delivered the Pkg. 1 test procedures

in late February, 2000, but otherwise denies the allegations in the first sentence of the seventh bullet

point in paragraph 16. Convergent admits that there were failures in certain tests conducted in early

March, but otherwise denies the allegations in the second sentence of the seventh bullet point in

paragraph 16. Convergent admits the allegations in the final sentence of the seventh bullet point in

paragraph 16. Convergent admits the allegations in the first sentence of the eighth bullet point in

paragraph 16. Convergent admits the allegations in the second sentence of the eighth bullet point

in paragraph 16. Convergent is without knowledge or information sufficient to form a belief as to

the truth of the allegations in the third sentence of the eighth bullet point in paragraph 16.

Convergent admits that Austin Energy issued CAR001, which speaks for itself, but otherwise denies

the allegations in the ninth bullet point in paragraph 16. Convergent admits that there was a meeting

in late April, 2000, to discuss alleged failures to produce an acceptable response to CAR001, but

otherwise denies the allegations in first sentence of the tenth bullet point in paragraph 16.

Convergent admits that it agreed to respond to CAR001 by the approximate date of May 5, 2000,

but otherwise denies the allegations in second sentence of the tenth bullet point in paragraph 16.

Convergent admits that Austin Energy accepted Convergent's response to CAR001 on or about May

24, 2000, but otherwise denies the allegations in first sentence of the eleventh bullet point in

paragraph 16. Convergent denies the allegations in the second sentence of the eleventh bullet point

in paragraph 16. Convergent admits that Austin Energy had not accepted a quality plan by early June, 2000, but otherwise denies the allegations in the first sentence of paragraph 16 following the bullet points. Convergent admits that Austin Energy issued a purported default notice to Convergent in approximately the first week of June, but otherwise is without knowledge or information sufficient to form a belief as to the reasons for Austin Energy's actions in issuing such purported default as discussed in the second sentence of paragraph 16 following the bullet points. Convergent otherwise denies any allegations in the second sentence of paragraph 16 following the bullet points. Convergent admits the allegations in the third sentence of paragraph 16 following the bullet points. Convergent admits that, as described in the Modification Agreement, Convergent agreed to conduct project operations according to the DQM, but otherwise denies the allegations in the final sentence of paragraph 16 following the bullet points.

17.     Convergent admits that it adopted Austin Energy's DQM as part of the Modification Agreement, but otherwise denies the allegations in the first sentence of paragraph 17. Convergent admits that certain tests were performed on or around the week of July 17, 2000, but otherwise denies the allegations in the second sentence of paragraph 17. Convergent admits that these tests were generally successful, but otherwise denies the allegations in the third sentence of paragraph 17. Convergent admits that there were textual errors discovered in the test scripts relating to certain tests performed on or around the week of July 17, 2000 and admits that some functionality in said software was not tested by the test scripts, but otherwise denies the allegations in the fourth sentence of paragraph 17. Convergent admits that it agreed to correct the above referenced textual errors, but otherwise denies the allegations in the fifth sentence of paragraph 17. Convergent denies the

**DEFENDANT'S FIRST AMENDED ANSWER**                                        **PAGE 8**

allegations in the final sentence of paragraph 17.

18.    Convergent denies the allegations in the first sentence of paragraph 18. Convergent admits that Austin Energy repeatedly brought purported quality problems to Convergent's attention, and admits that Austin Energy notified Convergent that its quality performance was allegedly unacceptable, but otherwise denies the allegations in the second sentence of paragraph 18. Convergent admits that Austin Energy repeatedly notified Convergent that its alleged quality failures were allegedly causing schedule delays and that such delays were also allegedly unacceptable to Austin Energy, but otherwise denies the allegations in the final sentence of paragraph 18.

19.    Convergent denies the allegations in the first sentence of paragraph 19. Convergent admits that it did not establish a users group for Solutions Workbench by January, 2001, when it received the termination letter from Austin Energy, but otherwise denies the allegations in the second sentence of paragraph 19. Convergent admits that Austin Energy notified Convergent of the need to establish a users group and admits that the users group remained unformed one year into the project, but otherwise denies the allegations in the third sentence of paragraph 19.

20.    Convergent is unclear as to which problems Austin Energy refers in the first sentence of paragraph 20 and, therefore, denies the allegations in the first sentence of paragraph 20. Convergent is unclear as to which problems Austin Energy refers in the second sentence of paragraph 20 and, therefore, denies the allegations in the second sentence of paragraph 20.

21.    Convergent denies the allegations in the first sentence of paragraph 21. Convergent responds that whatever document Austin Energy is referring to speaks for itself, but otherwise denies the allegations in the second sentence of paragraph 21. Convergent denies the allegations in the final

sentence of paragraph 21.

22.       Convergent denies the allegations in paragraph 22.

23.       Convergent incorporates its responses to paragraphs 6-22 in response to the first sentence of paragraph 23. Convergent denies the allegations in the second sentence of paragraph 23.

24.       Convergent denies the allegations in paragraph 24.

25.       Convergent denies the allegations in paragraph 25.

26.       Convergent incorporates its responses to paragraphs 6-22 in response to the first sentence of paragraph 26. Convergent denies the balance of the allegations in paragraph 26.

27.       Convergent incorporates its responses to paragraphs 6-22 in response to the first sentence of paragraph 27. Convergent denies the balance of the allegations in paragraph 27.

28.       Convergent denies the allegations in paragraph 28.

29.       Convergent admits that Austin Energy has paid some money to Convergent and that Austin Energy is now suing, but otherwise denies the balance of the allegations contained in paragraph 29.

30.       Convergent denies the allegations in the first sentence of paragraph 30. Convergent admits that it prepared an analysis showing certain benefits to Austin Energy, but otherwise denies the allegations in the second sentence of paragraph 30.   Convergent admits that there were anticipated financial benefits relating to the DataOne project, but denies the balance of the allegations contained in the third sentence of paragraph 30.

31.       Convergent admits that Austin Energy is suing, but denies that Austin Energy is entitled to recover under its suit, and otherwise denies the allegations contained in the first sentence

of paragraph 31. Convergent admits that some of the work performed by Austin Energy dealt with Solutions Workbench, but otherwise denies the allegations in the first sentence of sub-paragraph a of paragraph 31. Convergent denies the allegations in the second sentence of sub-paragraph a of paragraph 31. Convergent admits that Austin Energy is now suing, but denies that Austin Energy is entitled to recover under its suit, and otherwise denies the allegations in the first sentence of sub-paragraph b of paragraph 31. Convergent denies the allegations in the second sentence of sub-paragraph b of paragraph 31. Convergent is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding "executive management time on the DataOne project," and otherwise denies the allegations in the final sentence of sub-paragraph b of paragraph 31.

32.     Convergent is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Austin Energy's alleged attempts to mitigate its damages, but otherwise denies the allegations in paragraph 32.

33.     Convergent admits that Austin Energy seeks recovery of reasonable and necessary attorneys' fees, expenses, and costs, but denies that Austin Energy is entitled to recover these amounts and otherwise denies the allegations in paragraph 33.

34.     Convergent admits that Austin Energy seeks punitive damages, but denies that Austin Energy is entitled to any such damages, and otherwise denies the allegations in paragraph 34.

35.     Convergent is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Convergent admits that Austin Energy requests the relief listed in the Request for

Relief, but denies that Austin Energy is entitled to any such relief, and otherwise denies the requests and statements contained in the Request for Relief.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion other than as provided by applicable law, Convergent asserts the following affirmative defenses to Plaintiff's claims and causes of action.

### First Defense

Austin Energy's claims are barred, in whole or in part, because Austin Energy breached its obligations under the Agreement between the City of Austin, acting by and through its Electric Utility Department, Austin Energy, and Convergent Group Corporation, dated November 3, 1999 (the "Base Agreement"); the Convergent Solutions Master Software License Agreement, dated November 3, 1999 (the "Master License"); the Software Maintenance and Support Agreement, dated November 3, 1999 (the "Maintenance Agreement"); and/or the Agreement and Change Order between Austin Energy and Convergent Group Corporation, dated July 14, 2000 (the "Change Order"); all sometimes collectively referred to herein as the "Agreements."

### Second Defense

Austin Energy's claims are barred, in whole or in part, because Austin Energy's actions and its own breach of the Agreements prevented, hindered, delayed, and/or interfered with Convergent's performance of its obligations under the Agreements.

### Third Defense

Austin Energy's claims are barred, in whole or in part, by the modifications and/or amendments made to the Agreements by the parties.

**DEFENDANT'S FIRST AMENDED ANSWER**

**Fourth Defense**

Austin Energy's claims are barred, in whole or in part, by the parties' course of conduct relating to their respective performance obligations under the Agreements.

**Fifth Defense**

Austin Energy's claims are barred, in whole or in part, by the agreements and understandings of the parties with respect to performance under the Agreements.

**Sixth Defense**

Austin Energy's claims are barred, in whole or in part, because Austin Energy failed to satisfy the conditions of the Agreement necessary for it to recover.

**Seventh Defense**

Austin Energy's claims are barred, in whole or in part, by ¶15 and  ¶17 of the Base Agreement; Articles 8.0 and 10.0 of the Maintenance Agreement; ¶6.4, ¶6.5, and Article 8 of the Master License; and/or by ¶16 in the Change Order.

**Eighth Defense**

Austin Energy's claims are barred, in whole or in part, because Convergent substantially complied with the Agreements and substantially performed its obligations under the Agreements.

**Ninth Defense**

Austin Energy's claims for fraud and negligent misrepresentation are barred by ¶32.7 of the Base Agreement, the second (unnumbered) paragraph of the Master License, and/or the second (unnumbered) paragraph of the Maintenance Agreement.

**Tenth Defense**

Austin Energy's claims are barred, in whole or in part, by the doctrines of contributory negligence and comparative negligence.

**Eleventh Defense**

Austin Energy's claims are barred, in whole or in part, because Austin Energy anticipatorily breached the Agreements on or about January 5, 2001, by declaring its intention not to pay Convergent in accordance with the Agreements.

**PRAYER FOR RELIEF**

Defendant Convergent Group Corporation prays that Plaintiff City of Austin, acting by and through its Electric Utility Department take nothing by way of its lawsuit; that Austin Energy's claims be dismissed with prejudice; that Convergent recover its direct and consequential damages from Austin Energy pursuant to its Counterclaim, as well as reasonable and necessary attorneys' fees, expenses, costs, and pre- and post-judgment interest at the maximum lawful rate; and that Convergent be granted such other and further relief to which it may be entitled.

Respectfully submitted,

McKOOL SMITH, P.C.

_[signature]_

Jeffrey Bragalone
State Bar No. 02855775
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopy: (214) 978-4044

Scott L. Cole
State Bar No. 00790481
1501 South Mopac Expressway
Suite A200
Austin, Texas 78746
Telephone: (512) 314-8400
Telecopy: (512) 314-8425

ATTORNEYS FOR DEFENDANT
CONVERGENT GROUP CORP.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent by fax and U.S. mail, certified return receipt requested, on the 29th day of October, 2001 to counsel for Plaintiff:

Casey Dobson
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue
Suite 1500
Austin, Texas 78701

_[signature]_

Scott L. Cole

**DEFENDANT'S FIRST AMENDED ANSWER**                                    **PAGE 15**