RECEIVED

Feb 2 2 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

FILED

FEB 2 7 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| CITY OF AUSTIN, ACTING BY AND THROUGH ITS ELECTRIC UTILITY DEPARTMENT, <br>     Plaintiff, <br><br> 22. <br><br> CONVERGENT GROUP CORP. <br><br>     Defendant and Third-Party Plaintiff <br><br> v. <br><br> GINO DEMARCO <br>     Third-Party Defendant. | § § § § § § § § § § § § § § § § | C.A. NO. A-01-CA-202-JN <br><br> JURY TRIAL DEMANDED |

## GINO DEMARCO'S FIRST AMENDED ANSWER TO CONVERGENT GROUP CORP.'S FIRST AMENDED THIRD PARTY COMPLAINT, CROSS-CLAIM AND COUNTERCLAIM

TO THE HONORABLE JAMES R. NOWLIN:

Third-party Defendant Gino DeMarco ("DeMarco") files this his First Amended Answer to Convergent Group Corp.'s First Amended Third-Party Complaint, Cross-Claim and Counterclaim.

### Affirmative Defenses

1.    DeMarco asserts the affirmative defense of justification, as he 1) had the legal authority, pursuant to his responsibilities as DataOne project director, as set forth in Appendix "H" of the Base Agreement dated November 3, 1999 between Austin Energy and Convergent, and pursuant to the DataOne Project Manual, to review, comment upon, and approve or disapprove Convergent's deliverables; and 2) owed certain duties to Austin Energy as set forth by the Codes

C:\WINDOWS\TEMP\ANSWER2.DOC                    1

of Ethics of the Project Management Institute ("PMI") and the American Society for Quality ("ASQ").

2.    DeMarco asserts the affirmative defense of privilege, as he acted as an agent of Austin Energy in his capacity as DataOne Project Director.

3.    DeMarco would show that Convergent's claims against him fail, as Austin Energy had the absolute right to terminate the Base Agreement, Convergent Solutions Master Software License Agreement ("License Agreement"), and the Software Maintenance and Support Agreement ("Maintenance Agreement") dated November 3, 1999 (collectively "Agreements") between Austin Energy and Convergent Corp.

4.    DeMarco would show that Convergent's claim fails, as DeMarco, at all relevant times, acted not in his own best interests with regard to the Agreements, but in Austin Energy's best interests.

5.    DeMarco would show that the Austin Energy's termination of the Agreements between Austin Energy and Convergent were due to Convergent's failure to perform its obligations under the Agreements.

6.    DeMarco would show that any claim asserted by Convergent for exemplary, punitive or additional damages is subject to statutory limits.  DeMarco would further show that any claim asserted by Convergent for exemplary, punitive or additional damages is unconstitutional, and that any such award would violate the Due Process Clauses of the Fifth Amendment and/or Fourteenth Amendment of the United States Constitution, as well as Sections 14 and 19 of the Texas Constitution, because of, but not limited to, the following reasons: (1) the lack of a "clear and convincing evidence" or "beyond a reasonable doubt" burden of proof standard for liability for

exemplary, punitive or additional damages; (2) the lack of bifurcated trial proceedings where evidence related to punitive, exemplary or additional damages would not be admitted until compensatory liability has been established; (3) any award of punitive, exemplary or additional damages would constitute the taking of property without due process; (4) an award of punitive, exemplary or additional damages would constitute and excessive fine or cruel and unusual punishment; and (5) an award of punitive, exemplary or additional damages might subject DeMarco to penal sanctions for the same "offense." The imposition of punitive, exemplary or additional damages in this case would be unconstitutional because of the lack of procedural safeguards and practices guaranteed to all persons subject to penal sanctions under the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

7.      DeMarco would show that Convergent's alleged claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

8.      DeMarco would show that Convergent's alleged claims are barred, in whole or in part, because its own acts and omissions were the proximate cause of any alleged damages.

9.      DeMarco would show that Convergent's alleged misappropriation claims are barred, in whole or in part, by the doctrines of waiver, estoppel, release, and by the terms of the Agreements between Austin Energy and Convergent.

## Parties

1.      DeMarco admits Convergent's allegations in paragraph 1.

2.      DeMarco admits Convergent's allegations in paragraph 2.

3.      DeMarco admits the allegations in the first and second sentence of paragraph 3. De Marco admits that he has conducted business affairs on a full-time basis in Austin, Texas since 1999,

but otherwise denies the allegations in the third sentence of paragraph 3. DeMarco admits the allegations in the fourth and fifth sentences of paragraph 3.

### Jurisdiction and Venue

4. DeMarco admits the allegations establishing jurisdiction in paragraph 4.

5. DeMarco admits the allegations in the first sentence of paragraph 5. DeMarco admits that Convergent's alleged damages are in excess of the Court's minimum jurisdictional amounts, but otherwise denies the allegations in the second sentence of paragraph 5. DeMarco admits the allegations in the third sentence of paragraph 5.

6. DeMarco admits the allegations in paragraph 6.

### Overview

7. DeMarco admits that Austin Energy hired Convergent to work on a software and services project called the DataOne project, but otherwise denies the allegations in the first sentence of paragraph 7. DeMarco admits that he is a consultant and that he is the DataOne project director, but otherwise denies the allegations in sentence 2 of paragraph 7. No response is necessary concerning the last sentence of paragraph 7. DeMarco denies the allegations in the remainder of paragraph 7.

### Background Facts

8. DeMarco admits the allegations contained in paragraph 8.

9. DeMarco admits the allegations in the first sentence of paragraph 9. DeMarco admits that Austin Energy hired Convergent and that the contract required, *inter alia,* the tasks listed in the second sentence of paragraph 9, but otherwise denies the allegations in the second sentence of paragraph 9. DeMarco admits the allegations in the third, fourth and fifth sentences of paragraph

9.

10.    DeMarco denies the allegations in paragraph 10.

11.    DeMarco denies the allegations in the first and second sentences of paragraph 11. DeMarco admits the allegations in the third sentence of paragraph 11. DeMarco denies the allegations in the fourth sentence of paragraph 11.

12.    DeMarco denies the allegations in the first sentence of paragraph 12. DeMarco admits that the decision to implement the Enterprise Application Infrastructure (EAI) was made at a time when the DataOne project was already underway, but otherwise denies the allegations in the second sentence of paragraph 12. DeMarco denies the allegations in the remainder of paragraph 12.

13.    DeMarco denies the allegations in the first sentence of paragraph 13 DeMarco admits Austin Energy terminated the Agreements on or about January 5, 2001, citing breaches by Convergent, but otherwise denies the allegations in the second sentence of paragraph 13. DeMarco denies the allegations in the third sentence of paragraph 13. DeMarco admits he has been in contact with former Convergent employees who worked on the DataOne project, but otherwise denies the allegations in the fourth sentence of paragraph 13. DeMarco denies the allegations in the fifth sentence of paragraph 13.

14.    DeMarco denies the allegations in the first and second sentences of paragraph 14. DeMarco admits that Austin Energy terminated the Agreements and has no further responsibility for payments thereunder, but otherwise denies the allegations in the third sentence of paragraph 14. DeMarco admits that at the time of termination, Austin Energy had paid Convergent approximately $2.9 million, but otherwise denies the allegations in the fourth sentence of paragraph 14.

15.    DeMarco denies the allegations in paragraph 15.

C:\WINDOWS\TEMP\ANSWER2.DOC                    5

16.     DeMarco denies the allegations in the first and second sentences of paragraph 16. DeMarco is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 16. DeMarco admits that Convergent and Austin Energy have executed mutual non-disclosure and confidentiality agreements, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 16. DeMarco admits that Convergent has retained certain ownership rights, title and interest to the Solutions Workbench, but otherwise denies the allegations in the fifth sentence of paragraph 16.

17.     DeMarco denies that the Complaint was attached as Exhibit "A", but admits the allegations in the first and second sentences of paragraph 17. DeMarco denies the allegations in the third sentence of paragraph 17.

## CAUSES OF ACTION

### Tortious Interference with an Existing Contract Against DeMarco

18.     DeMarco incorporates his responses to paragraphs 1-17 in response to paragraph 18.

19.     DeMarco denies the allegations in paragraph 19.

20.     DeMarco admits the allegations in paragraph 20.

21.     DeMarco denies the allegations in paragraph 21.

22.     DeMarco denies the allegations in paragraph 22.

23.     DeMarco denies the allegations in paragraph 23.

24.     DeMarco incorporates his response to paragraph 14 in response to the first sentence

of paragraph 24, but otherwise denies the allegations in the first sentence of paragraph 24. DeMarco denies the allegations in the second sentence of paragraph 24.

## Breach of Contract Against Austin Energy

25.   DeMarco incorporates his responses to paragraphs 1-24 in his response to paragraph 25.

26.   DeMarco denies the allegations that all the DataOne project designs, concepts, ideas and software are Convergent work product, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.   DeMarco denies the allegations that he has taken and used Convergent's trade secrets and confidential commercial information in the ongoing DataOne project, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.   DeMarco denies the allegations in the first and second sentences of paragraph 28. DeMarco denies that Convergent has suffered harm and loss, but admits that Convergent is now suing to recover alleged direct, actual damages and pre- and post-judgment interest.

29.   DeMarco denies the allegations in the first and second sentences of paragraph 29. DeMarco admits that Convergent is seeking a permanent injunction enjoining DeMarco from directly or indirectly using or disclosing Convergent's trade secrets and confidential information in the future, but denies that Convergent is entitled to such relief.

## Misappropriation Against DeMarco

30.   DeMarco incorporates his response to paragraphs 1-29 in his response to paragraph 30.

31.    DeMarco denies the allegations in the first sentence of paragraph 31. DeMarco denies that Austin Energy breached the Agreements, but admits that Convergent seeks direct, actual damages in an amount exceeding the minimum jurisdictional limits of this Court. DeMarco is without knowledge or information sufficient to form a belief as to the truth of Convergent's allegations in the remainder of paragraph 31.

32.    DeMarco denies the allegations in paragraph 32.

33.    DeMarco admits that Convergent seeks alleged direct, actual damages and attorney's fees and interest, but denies the remainder of the allegations in paragraph 33.

### Misappropriation Against Austin Energy

34.    DeMarco incorporates his responses to paragraphs 1-33 in its response to paragraph 34.

35.    DeMarco denies the allegations that the DataOne project designs, concepts, ideas and software are Convergent work product, but is otherwise without knowledge or information sufficient to form a belief as to the truth of Convergent's allegations in paragraph 35.

36.    DeMarco denies the allegations that Austin Energy has taken and used Convergent's trade secrets and confidential commercial information in the ongoing DataOne project, but is otherwise without knowledge or information sufficient to form belief as to the truth of Convergent's allegations in paragraph 36.

37.    DeMarco denies the allegations in paragraph 37.

38.    DeMarco denies the allegations in the first and second sentences of paragraph 38. DeMarco denies that Convergent has suffered harm and loss, but admits that Convergent is now suing to recover its alleged direct, actual damages and pre and post-judgment interest.

39.    DeMarco denies the allegations in the first and second sentences of paragraph 39.

DeMarco admits that Convergent now seeks a permanent injunction enjoining Austin Energy and their agents, servants, and employees from directly or indirectly using or disclosing Convergent's trade secrets and confidential information in the future, but denies that Convergent is entitled to such relief.

## Jury Demand

40.    DeMarco hereby demands a trial by jury.  No response is necessary concerning paragraph 40.

41.    DeMarco denies that Convergent is entitled to any of the relief sought as contained in paragraph 41.

42.    No response is necessary regarding the relief sought in paragraph 42.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant Gino DeMarco respectfully prays that any and all relief demanded in Convergent Group Corp.'s First Amended Third-Party Complaint be in all respects denied, with reasonable attorney's fees awarded to Third-Party Defendant and all costs assessed against Convergent Group Corp., and for such other and further relief to which Third-Party Defendant may be entitled.

Respectfully submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.

John Zavitsanos
State Bar No. 22251650
Debora S. Pacholder
State Bar No. 00784969
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010-2009
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

ATTORNEYS FOR THIRD-PARTY DEFENDANT,
GINO DeMARCO

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent by certified mail, return receipt requested, on the 22nd day of February, 2002, to all counsel of record as follows:

Casey Dobson
Sara Wilder
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701

Jeffrey Bragalone
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Scott L. Cole

McKool Smith, P.C.
1501 South Mopac Expressway, Suite A200
Austin, Texas 78746

Debora S. Pacholder